

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

April 7, 2026

**<u>VIA CM/ECF AND HAND-DELIVERY</u>**

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

**Re:** ***Advanced Accelerator Applications USA, Inc. v. Curium US LLC*, C.A. No. 25-1156-MN**

Dear Judge Noreika,

We represent Plaintiffs Advanced Accelerator Application, Inc. and Advanced Accelerator Applications SA (collectively, "ADACAP"). We write to respectfully request that the Court issue an oral order directing the parties to engage in the meet and confer process required by Rule 26(f) and to submit proposed case scheduling and protective orders.

Despite multiple requests over the past two weeks, Defendants have refused to engage in the Rule 26 process or even to provide their availability for such a meet and confer. Defendants have cited pending motions to dismiss certain claims in the case and have stated that they prefer to wait until after the Court sets a Rule 16 scheduling conference and/or decides the related matter (C.A. No. 24-1161-MN), which was tried in December 2025. ADACAP respectfully submits that there is no reason for any delay.

To begin with, the pending motions to dismiss will not resolve the entire case, including because the U.S.-based defendants have not moved to dismiss ADACAP's claims for a declaratory judgment of patent infringement. Nor, in any event, do the motions create an automatic stay, and courts in this district have recognized that "cases filed by a plaintiff should move forward—even in the face of early-filed motions that have yet to be fully resolved." *NuVasive, Inc. v. Neurovision Med. Prods., Inc.*, C.A. No. 15-286-LPS-CJB, 2015 WL 3918866 (D. Del. June 23, 2015). Even if the Court were to decline to issue an order for a Rule 16 scheduling conference at this stage, there is nothing inconsistent about the parties conducting a Rule 26(f) conference and commencing discovery before the Court schedules a Rule 16 conference. *See, e.g., CG Technology Development, LLC v. William Hill U.S. Holdco, Inc.*, C.A. 18-533-RGA, D.I. 32 (Order directing parties to engage in Rule 26(f) Conference, despite pending motion to dismiss).

As for the pendency of the prior action (C.A. No. 24-1161-MN), if Court decides that case in a way that affects the present action, then the parties and the Court can address that issue once a decision is rendered. Until then, the parties should move this action forward, at a minimum by establishing case management documents including a protective order and a case scheduling order. Indeed, ADACAP previously sent Curium a proposed protective order that largely tracked the

protective order entered in C.A. No. 24-1161, but Curium has not provided comments or committed to a date to do so.

This case was filed on September 16, 2025, and there is no reason to delay moving it forward. For these reasons, ADACAP respectfully requests that the Court order the parties to meet and confer in accordance with Federal Rule of Civil Procedure 26(f) within seven days of the order.

We are available to answer any questions at the Court's convenience.


Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)