

Kelly E. Farnan
302-651-7705
Farnan@rlf.com

April 7, 2026

**BY CM/ECF**
The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801

> Re:    ***Advanced Accelerator Applications USA, Inc., et al. v. Curium US LLC, et al.,***
> ***C.A. No. 25-1156-MN***

Dear Judge Noreika:

I write in response to ADACAP's letter (D.I. 42) requesting that the parties be ordered to conduct a Rule 26(f) conference. Curium respectfully submits that engaging in a 26(f) conference and beginning discovery in this action is not the most efficient way to proceed at this time. Instead, it is likely to create further disputes regarding the scope of any discovery, disputes that will likely be informed and may be obviated by the Court's decision in the related action (C.A. No. 24-1161).

Especially in light of this pending decision, ADACAP has never explained why it now requires fact discovery in this case or precisely what fact discovery it requires. Proceeding with a 26(f) conference now, without the benefit of the Court's post-trial decision, will cause inefficiencies for both the Court and the parties and will likely create yet more disputes over the appropriate scope of discovery. To the extent either party requires fact discovery in this case, it should be limited and based on an informed view of what might be necessary in light of the Court's decision on the related patents.

Indeed, ADACAP's insistence that fact discovery begin now is at odds with the position it took when it filed this case. At that time, ADACAP sought to include the '5003 patent in the December trial and noted that "ADACAP addressed the infringement of the '5003 patent in its opening infringement reports served September 22, 2025." C.A. No. 24-1161-MN, D.I. 288. In addition, during the parties' e-mail exchanges on this topic, Curium invited ADACAP to explain why it would be efficient to move forward with fact discovery now given the potential impact of the Court's post-trial decision. ADACAP never provided an explanation, instead merely stating that this case should "make progress."

ADACAP's letter also focuses on the pending motions to dismiss but does not disclose that the foreign defendants have moved to dismiss based on a lack of personal jurisdiction. D.I. 24. Proceeding against the U.S.-based defendants in a piecemeal fashion is not efficient.

■ ■ ■

The Honorable Maryellen Noreika
April 7, 2026
Page 2

 Accordingly, Curium respectfully submits that a Rule 26(f) conference is unnecessary at this time.  If ADACAP wants to disclose what fact discovery it believes it needs, Curium remains open to discussing that outside of the Rule 26(f) process.

 We appreciate the Court's consideration of this issue.  If Your Honor has any questions concerning the foregoing, counsel remains available at the Court's convenience.

<div style="margin-left: 50%;">

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

</div>

cc:  All Counsel of Record (CM/ECF)