

**Daniel M. Silver**
Wilmington Office Managing Partner

T. 302-984-6331
F. 302-691-1260

dsilver@mccarter.com

McCarter & English, LLP

Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717

www.mccarter.com

April 8, 2026

**<u>VIA CM/ECF</u>**

The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 19, Room 4324
Wilmington, DE 19801-3555

**Re:** ***Advanced Accelerator Applications USA, Inc. v. Curium US LLC*, C.A. No. 25-1156-MN**

Dear Judge Noreika,

We write in reply to Curium's April 7, 2026 letter opposing any Rule 26 conference at this time. Curium's opposition highlights why a Rule 26(f) conference is appropriate now—it would enable the parties to discuss the scope of discovery needed in this action that goes beyond what was provided in the prior action. The possibility of disputes is no reason to refuse to participate in a conference the Federal Rules of Civil Procedure require, and Curium cites no case or other authority permitting it to decline to fulfill its obligation to participate in a Rule 26(f) conference.

Curium does not dispute that its motions to dismiss address only some claims in this case, or that the case will proceed regardless of the outcome of those motions. Curium further provides no justification for why the parties cannot discuss case scheduling or protective orders at this stage. In objecting to discovery, Curium ignores that the patent in this case has different claims with different scope than the patents in the prior litigation, and that time has passed since discovery ended in the prior case. The patent in this case raises infringement and validity issues that have not been addressed in prior discovery or contentions, including issues specific to the asserted claims here. There is no reason to wait to begin this work until the related case is resolved.

In an effort to bring the '5003 patent into the prior case, ADACAP previously proposed forgoing additional discovery as part of an expedited process to try all patents in December. Curium declined to agree to that procedure, citing differences between the '5003 patent and the other asserted patents, and the Court determined that this patent should proceed on a separate track. Curium cannot now resist the beginning of discovery by arguing that the '5003 patent is the same as the other patents.

For the foregoing reasons, ADACAP respectfully requests that the Court order the parties to participate in a Rule 26(f) conference.

Respectfully submitted,

*/s/ Daniel M. Silver*

Daniel M. Silver (#4758)

cc: Counsel of Record (via CM/ECF and E-Mail)